IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:16-cr-00116-3 |
| | ) | Judge Trauger |
| JUSTIN JOPLIN | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 11, 2022, the defendant filed a letter requesting compassionate release (Doc. No. 380). Counsel was appointed, and counsel filed a Motion for Compassionate Release on June 14, 2022 (Doc. No. 384), to which the government has filed a Response (Doc. No. 391), accompanied by Bureau of Prisons medical records (Doc. No. 389). The defendant is housed at FCI Danbury and has exhausted his administrative remedies. He requests compassionate release because of his medical condition of hypertension and because the mother of his two teenage daughters passed away in December 2021, and they are in the care of their maternal grandmother.

The defendant was sentenced on October 27, 2017 by this court to serve a custody sentence of 120 months pursuant to a binding plea agreement for that sentence, due to his participation in a conspiracy to distribute large amounts of heroin in this district. One of his co-defendants pled guilty under a binding plea agreement and also received a 120-month sentence. The kingpin went to trial and was sentenced to 30 years in custody. The defendant had traveled to Chicago several times to pick up heroin from the supplier and then packaged and distributed it in this area. He was held

1

responsible for 3-10 kilograms of heroin. He has served approximately 76 months of his 120-month sentence and has a projected release date of May 16, 2025.

The medical records substantiate that the defendant, 38 years old, has hypertension, which at times has reached Stage 2, primarily, apparently, due to his admitted failure to consistently take the medications prescribed for him for this condition. A medical record dated April 18, 2022 contains this note:

> He admitted this am that he has been noncompliant with his medication. He reported that he would miss at least 2 days per week without taking his medication. ... Inmate has no excuse for his noncompliance.

(Doc. No. 389 at 111). As a result of this noncompliance, the physician ordered that his blood pressure be taken 3 times per week for 42 days. (Doc. No. 389 at 113). By July 1, 2022, his blood pressure was down to Stage 1.

The Centers for Disease Control lists hypertension as a condition that "might" put a person at increased risk, should they contract Covid-19. The court must presume that, had Mr. Joplin taken the medication prescribed for him when he was supposed to, his hypertension would be well controlled, as the court has noted in the medical records of many, many inmates with hypertension who are treated for it with medication in the Bureau of Prisons. Indeed, on October 20, 2020, when presumably the defendant was taking his prescribed medications as he was supposed to, his blood pressure was in the "Elevated" category, which, of course, is lower than Stage 1 and Stage 2.

The court cannot find that this medical condition, alone, justifies compassionate release. However, the defendant has an even larger hurdle to overcome, and that is because he has received two doses of the Moderna Covid-19 vaccine, on May 25, 2021 (Doc. No. 389 at 94) and on June 22, 2021 (Doc. No. 389 at 93). He has refused to receive a Covid-19 booster. (Doc. No. 389 at 138).

2

The Sixth Circuit has made very clear that, when an inmate has access to the Covid-19 vaccine, even serious medical conditions do not provide an extraordinary and compelling reason for a sentence reduction. *U.S. v. Lemons*, 15 Fed.4th 747 (6th Cir. 2021); *U.S. v. Traylor*, 16 Fed.4th 485 (6th Cir. 2021).

The remaining ground asserted by the defendant likewise does not present family circumstances so compelling as warranting the defendant's early release. Without providing proof of death, he asserts that the mother of his children died on December 28, 2021. (Doc. No. 384 at 11). He states that the children are living with their maternal grandmother and that he should be released so that he may care for them. The court agrees with his Warden's assessment that there is no proof that the maternal grandmother is not caring well for these children or that the defendant is the only family member available to care for them (Doc. No. 384-2 at 1). Moreover, the Probation Office in this district, at the court's request, investigated the defendant's proposed release plan, which is to live with his mother in North Chicago. Although his mother states that she is willing for the defendant to live with her, she lives in a two-bedroom house with one bathroom and lives with her fiancé. That would mean that the defendant and his two teenage daughters would have to share one bedroom and that five people would be sharing one bathroom. Whether this living arrangement would be superior to the present living arrangement for these children is problematic.

The court finds that neither of the grounds asserted by the defendant establishes or provides extraordinary and compelling reasons for his early release. Therefore, the court need not even reach an analysis of the factors under 18 U.S.C. § 3553(a). However, if the court did reach those factors, the court would find that an early release of this defendant, who committed serious crimes, would not reflect the seriousness of his offense, promote respect for the law or be a just punishment.

Moreover, his early release would create unwarranted sentencing disparities with his co-defendants, as asserted by the government. (Doc. No. 391 at 5).

For all of these reasons, the defendant's Motion for Compassionate Release (Doc. No. 384) is DENIED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE